IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Melinda Martin, a/k/a Margaret Henderson-Martin, | ) ) ) | C/A No.: 0:11-cv-00463-JFA |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER GRANTING SUMMARY JUDGMENT** |
| American General Finance, Inc., d/b/a American General Financial Services | ) ) ) | |
| Defendant. | ) ) ) | |

This matter comes before the court pursuant to the defendant's motion for summary judgment (ECF No. 27). The court held a hearing on November 4, 2011. After considering the written materials submitted and the arguments of counsel, the court grants the defendant's motion for summary judgment.

**I.     FACTUAL AND PROCEDURAL HISTORY**

This case arises from a mortgage on a house owned by plaintiff and her husband. They bought the house in 1993, and in 1996 they obtained a mortgage on the house from First Family Financial Services. In 1999 they executed a deed in lieu of foreclosure in satisfaction of the loan. For reasons that are not clear, plaintiff and her husband remained in possession of the house. In 2000 they separated, and initially, her husband remained in possession. The subsequent divorce decree purportedly awarded the home to the husband. The husband made payments on the loan during this time. Apparently, First Family did not treat the loan as satisfied, and sold the loan, but not the title, to defendant.

1

In 2006, the husband turned over possession of the house to the plaintiff. At that time, the plaintiff started making payments on the loan. Plaintiff produced receipts for the payments that she made, all after November 2006, totaling $4,232.96. Plaintiff did not pay any taxes on the property after 2000. Later, she rented the home to another couple who made a number of payments on the loan. The husband signed a document titled "Transfer of Residence." When the plaintiff attempted to evict the tenants for their failure to pay rent, they responded that she had no interest in the house. Plaintiff asserts that this is the first time she became aware that she did not own the house.

Plaintiff filed suit and brought four claims against American General[1]: (1) conversion (2) negligent or intentional misrepresentation (3) Unfair or Deceptive Acts under the South Carolina Unfair Trade Practices Act (4) and Violation of the Fair Debt Collection Practices Act.[2] (Pl. Cmpl. 4–8, ECF No. 1-1.) Defendant now moves for summary judgment on all of the plaintiff's claims.

## II.    LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). When

---

[1] American General Finance is now known as Springleaf Finance, Inc., which does business in S.C. through its indirect wholly owned subsidiary, Springleaf Financial Services of South Carolina, Inc. (f/k/a American General Finacial Services, Inc).

[2] Plaintiff has abandoned this claim. (*See* Pl. Mem. Opp. Summ.J. 2 n.1, ECF No. 32.)

evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party," *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted), and summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III.   DISCUSSION

The court finds that the payments in this case were voluntary based on *Shockley v. Wickliffe*, 148 S.E. 476, 477 (1929), which holds "that money voluntarily paid with full knowledge of all material facts and without any fraud, duress, or extortion cannot be recovered, although there was no legal obligation to make such payment." Because the payments in this case were voluntary, plaintiff's claims against the defendant fail as a matter of law.

In *Shockley*, the plaintiff obtained a loan from an individual, Burns, secured by a mortgage. Though the plaintiff repaid the loan, Burns did not satisfy the mortgage of record. The same process occurred with a second loan. Burns's heirs subsequently demanded payment from the plaintiff, claiming they had the notes and mortgages. Plaintiff, who actually possessed the notes and mortgages but could not find them, paid the heirs. Later, after finding the documents, he sued the heirs for fraud. The court held

that because the facts "were either peculiarly within his knowledge or *he had the knowledge at hand*" he did not have "any right to rely upon any representation made by the defendants." *Id.* at 477–78 (emphasis added).

Under the facts of this case, the court finds *Shockley* controlling. As in *Shockley*, plaintiff knew or should have known that she was under no obligation to make the payments. A party who signs an instrument has a duty to exercise reasonable care to protect herself by reading the instrument. *See Maw v. McAlister*, 252 S.C. 280, 284, 166 S.E.2d 203, 205 (1969). Plaintiff admits that she signed the deed in lieu. (Martin Dep. 17:11–18:25, July 1, 2011, ECF No. 27-2.) Thus, the plaintiff is deemed to have knowledge of the effect of the deed in lieu, and her payments are deemed voluntary because when she made the payments she "had the knowledge at hand" that she was under no obligation to pay. *Shockley*, 148 S.E.2d at 477.

Plaintiff first asserts a claim for negligent or intentional misrepresentation. Under South Carolina law, a plaintiff must demonstrate the following to recover under a theory of negligent misrepresentation:

> (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation.

*AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992) (citing *Gilliland v. Elmwood Props.*, 301 S.C. 295, 391 S.E.2d 577 (1990); *Winburn v. Ins. Co. of N. Am.*, 287 S.C. 435, 339 S.E.2d 142 (Ct. App. 1985)). The key

4

element to the resolution of this claim is whether or not plaintiff had a right to rely on the alleged misrepresentations. *See Gruber v. Santee Frozen Foods, Inc.*, 309 S.C. 13, 20, 419 S.E.2d 795, 799–800 (Ct. App. 1992) ("[T]here can be no reasonable reliance on a misstatement if the plaintiff knows the truth of the matter."); *AMA Mgmt. Corp.*, 309 S.C. at 222, 420 S.E.2d at 874 ("There is no liability for casual statements, representations as to matters of law, or matters which plaintiff could ascertain on his own in the exercise of due diligence."). The plaintiff must also prove that she had a right to rely in order to recover on a claim for intentional misrepresentation. *See Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 50, 691 S.E.2d 135, 149 (2010); *Elders*, 286 S.C. 228, 233, 332 S.E.2d 563, 567 (Ct. App. 1985) (citing *Shockley*, 150 S.C. 476, 148 S.E. 476) ("[E]very person must exercise reasonable diligence for his own protection, and no action for fraud will lie when a simple inquiry would have exposed the misrepresentation.").

Here, Martin argues that an issue of material fact exists as to whether she had a right to rely. Plaintiff relies on *Elders v. Parker*, which holds that a jury question existed as to whether plaintiff had a right to rely. 286 S.C. at 233–34, 332 S.E.2d at 567. In *Elders*, however, the plaintiff did not have the knowledge at hand and made payments to the defendant based solely on the defendant's representations. Unlike in this case, the plaintiff in *Elders* could not have protected herself by "excercis[ing] reasonable diligence" because only the defendant knew the facts. *Id.* at 234, 332 S.E.2d at 567. As noted above, plaintiff should have known she was under no obligation to pay, and therefore she did not have a right to rely. Accordingly, plaintiff's claim for negligent or intentional misrepresentation fails as a matter of law.

5

Plaintiff also asserts a claim for conversion. Under South Carolina law, however, "[c]onversion cannot arise from the defendant's exercise of a legal right over the property." *Richardson's Rests., Inc. v. Nat'l Bank of S.C.*, 304 S.C. 289, 294, 403 S.E.2d 669, 672 (Ct. App. 1991). Because the court finds that the payments were voluntary, defendant had a legal right to the property. As such, plaintiff's conversion claim fails as a matter of law.

Plaintiff's final claim is one for relief under the South Carolina Unfair Trade Practices Act (UTPA). A plaintiff must demonstrate the following to recover under the UTPA: "(1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Austin*, 387 S.C. at 50, 691 S.E.2d at 149. A party's negligence does not constitute a deceptive act under the statute. In other words, plaintiff cannot succeed on this claim by showing that American General was merely negligent in failing to ascertain that the debt had been satisfied. *See Clarkson v. Orkin Extermin. Co.*, 761 F.2d 189, 191 (4th Cir. 1985) (holding that a homeowner's proof that Orkin had been negligent or inept in failing to discover termite damage in the homeowner's property was not sufficient to establish that Orkin had engaged in an unfair or deceptive act or practice).

Plaintiff has made no showing that American General was aware that the debt was satisfied and nonetheless attempted to collect payments. As a result, she has failed to prove a deceptive act. Moreover, as previously noted, plaintiff could have protected

6

herself through the exercise of reasonable diligence. Because the plaintiff has failed to demonstrate a deceptive act, the UTPA claim fails as a matter of law.

### IV.  CONCLUSION

For the reasons stated above, the court finds that there are no genuine issues of material fact and grants the defendants' motion for summary judgment (ECF No. 27) on all of the plaintiff's claims.

IT IS SO ORDERED.

November 9, 2011  
Columbia, South Carolina

*Joseph F. Anderson, Jr.*  
Joseph F. Anderson, Jr.  
United States District Judge